FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2022 APR 21  PM 1:36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

MICHAEL R. ATRAQCHI and )
IRENE S. ATRAQCHI )
6902 West Hillsborough Ave.-#103 )
Tampa, Florida 33634 )
                                               ) Civ. No. 8:22cv935 SDM-AEP
            Plaintiffs, )
                                               )
            v. ) Judge
                                               )
UNITED STATES OF AMERICA )
% Solicitor General ) COMPLAINT
U.S. Department of Justice ) FOR DECLARATORY JUDGMENT
950 Pennsylvania Avenue NW ) AND INJUNCTIVE RELIEF
Washington, D.C. 20520 )
                                               )
STATE OF FLORIDA )
Laurel M Lee )
Secretary of State )
R.A Gray Building )
Tallahassee, FL 32301 )
                                               )
RAMEZ ANDRAWIS )
1230 Perry William Drive )
McLean, VA 22101 ) JURY DEMAND
                                               )
MASEEHA S KHALEEL )
1054 Brightwood Drive )
San Marcos, CA 92078 )
                                               )
JOHN DOE AND JANE DOE )
(ALL U.S. ADULT PERSONS) )
                                               )
            Defendants. )
                                               )

TRO-66311
$402.00

1

FEDERAL QUESTION COMPLAINT

Plaintiffs, Michael R Atraqchi and Irene S Atraqchi, husband and wife, U.S. citizens, of good repute, for their complaint, allege the following upon information and belief:

The Plaintiffs bring this action under 18 USCA 2520 of Chapter 119 (18 USCA 2510-2521) to obtain preliminary and permanent injunctive relief against the Defendants for illegally wiretapping their telephone and electronical surveillances of their hotel room in the Tampa area and elsewhere, State of Florida, on the train and buses, and for the purpose of isolating and criminating the Plaintiffs and impose religious inquisition upon them, and convert them to certain Christian denominations from being Muslims, sodomize rape them as a method of recruitment into this Cult, and force them to commit crimes against humanity, and against innocent people, citizens of the United States of America, stealing of their properties, and prostitute their children, as well as blackmail and procure them into a field of interception of illegal wire communications to spy on other people in violation of the law and the U.S. Constitution, and it is continuous until the present.

The Plaintiffs are suing all the Defendants listed above individually for money, and in their official capacity for injunctive relief, except the United States of America's Government, and the State of Florida, for injunctive relief only, since are sovereign.

JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant 28 USC 1331, 28 USC 1343 (3), 28 USC 1343 (4), 42 USCA 1983, 18 USCA 2520, and under the U.S Constitution, Amendments 1, 4, and 14, to enjoin the Defendants and their co-conspirators, from wiretapping and electronic monitoring the Plaintiffs and deprive them from all economic opportunities, living in Tampa, Florida and deny them all medical care available to them, and specifically to operate and remove the Plaintiff Michael Atraqchi's lipoma, endangering his life and render him disabled, and it is

2

continuous until the present.

All the acts and deprivation stated in this Complaint happened in the State of Florida and more specifically in the Tampa area.

## COMPLAINT

1. The Plaintiffs, Michael R. Atraqchi and Irene S Atraqchi, are senior citizens of good repute, living in Tampa, Florida, after they have been forced to leave the State of Montana, leaving behind their home and property, approximately forty-two years ago to escape the illegal wiretapping and electronical surveillances imposed upon them by the acts of the Government and others to convert them to Christianity from being Muslims and is continuous until the present in violation of the law and the U.S. Constitution.

2. All the above stated Defendants and others have illegally wiretapped the Atraqchis and disseminated said information gained falsely into a field of interception of illegal wire communications imposed upon them by the Government and others, and whereby heard by the "general public," accusing the Atraqchis falsely of incest their children and granddaughter, and teaching them sex, which caused them great harassment, intimidation, isolation, ridicule, threats, and shock to the nervous system, and it is continuous until the present.

3. The Plaintiffs arrived in Tampa, Florida approximately February 1, 2012, from Washington, D.C. where they were residing for approximately twenty years to live and work, only to discover that a new field of interception of illegal wire communications has been instituted against them, and it is continuous until the present.

4. On or about October 2013, Plaintiff Michael Atraqchi underwent heart catheterization surgery at Tampa General Hospital (not party to suit) and while he was under anesthesia and during the procedure, suddenly and unexpectedly experienced excoriating pain in his right side radiating to his heart for a period of not less than one minute and subsided

3

afterward.

5. Dr Fadi Matar, the cardiologist in charge, (not party to this suit) paused during the procedure and castigated the anesthetist for not dispensing the full load of anesthesia as required by the protocol and ordered him to comply.

6. The above criminal act was done deliberately, wantonly, and maliciously to cause death or injuries to the Plaintiff and was witnessed by all present, physician and staff at the operating room which is called the (lab).

7. Earlier that day, the unknown named male nurse, anesthetist, informed the Plaintiff that he is advancing to the ER (Emergency Room) Department for training, while he was wheeling the Plaintiff to the x Ray room at that Hospital.

8. The above heinous act of not complying with the protocol and skimming the dispensing of the full load of anesthesia as required was to cause the Plaintiff pain and suffering, "shock organs" to cause his demise.

9. Defendant Maseeha Khaleel, (anesthesiologist) continued monitoring the Atraqchis activities in the Tampa, Florida area from San Diego, California, together with Defendant Ramez Andrawis, MD, of D.C., and Nicholas Kotab, PhD, (not a party to this case at this time), imposing a monopoly on the health and welfare of the Atraqchis through illegal wiretapping and electronical surveillances, and it is continuous until the present.

10. Through Defendant Khaleel's counterpart, the Pakistani medical providers, Plaintiff Michael Atraqchi was denied the diagnosis and treatment of his diabetes for a period of not less than four years

11. As a result of the said denial and the isolation that follows, the Plaintiff Michael Atraqchi suffered and will continue to suffer from uncontrolled diabetes, muscular atrophy, and enlarged lipoma, to cause his demise.

12. On or about 2007 Defendant Ramez Andrawis attempted to kill the Plaintiff at the

operating table when he underwent hernia repair operation at George Washington University Hospital, Washington, DC and was operated on by Dr. Jason Brodsky, (not party to this suit), at that Hospital.

13. Defendant Ramez Andrawis through illegal wiretapping and electronical surveillances marched into the operating room, took over the anesthetized body of the Plaintiff, performed an unauthorized and unnecessary procedure exposing the Plaintiff's testes to castrate him. While waiting for the laboratory to diagnose the excised specimen, he took from the Plaintiff's body and kept the Plaintiff under anesthesia for three and half hours, upon the objection of Dr Jason Brodsky for the purpose of causing the Plaintiff a stroke and/or heart attack for prolonging the time under anesthesia.

14. Defendant Andrawis has disseminated through the field of interception of illegal wire communications earlier that he is going to kill the Plaintiff because he speaks good English. The Plaintiff was one of his patients for enlarged prostate, and used his services as a urologist for a short period of time and that the Plaintiff was under Dr Jason Brodsky for a hernia operation, which is out of the specialty of Andrawis. when he started butchering the Plaintiff in that surgical room.

15. As a result of the monopoly imposed upon the Atraqchis' medical care, three surgeons employed refused to operate on Atraqchi's lipoma and/or hernia because of the threats made upon them by the Defendants through the field of interception of illegal wire communications, and the Plaintiff was left helplessly to fetch on his own asking nurses about his condition, and what the consequences will endure if it is left unchecked. The answer was death.

16. As a result of the above stated criminal activities, the Atraqchis suffered and will continue to suffer irreparable injury that the Defendants inflicted upon them, and that the Plaintiff Michael Atraqchi continued to suffer from uncontrolled diabetes, muscular atrophy, and enlarged lipoma endangering his life, and rendering him disabled and has difficulty walking,

with no relief in sight, and it is continuous until the present.

17. The Plaintiffs never knew or have ever known Defendant Maseeha Khaleel and only knew Defendant Andrawis as a patient for short period of time, and have never associated with all the other Defendants accordingly.

18. Defendant, the State of Florida officials while clothed with the authority of the State and acting under the color of the laws, ordinances, and usage of the State has so far refused or neglect to protect the Atraqchis from this conspiracy which resulted in the said injuries, and which constitutes negligence in office, in violation of their Constitutional right, the Fourth Amendment "search and seizure," and it is continuous until the present.

19. As a result of the illegal wiretapping, the Plaintiffs could not identify all the conspirators, but they will substitute John Doe and Jane Doe, when the true identity of the individuals is revealed and becomes known and charge them accordingly.

20. The Plaintiffs charge all Defendants listed herein with illegal wiretapping and electronical surveillances and the dissemination of the said material gained falsely into the field of interception of illegal wire communications imposed upon the Atraqchis whereby heard by the "general public."

21. The dissemination of the material gained falsely into the field of interception of illegal wire communications has caused the Plaintiffs great harassment, intimidation, isolation, shock to the nervous system, stress and duress, and denied them all the medical care available in the Tampa area, State of Florida, in an attempt to cause their demise; and it is continuous until the present.

22. If the field of interception of illegal wire communications is not pre-empted, the Atraqchis will suffer irreparable harm and death.

23. WHEREFORE, the Plaintiffs demand:

   a. A declaratory judgment that the Atraqchis have illegally been wiretapped in violation of their First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

   b. A declaratory judgment that Ch 119 pre-empts the field of interception of illegal wire communications imposed upon the Plaintiffs in the State of Florida and elsewhere.

   c. A declaratory judgment that all activities of the defendants, including all taps authorized violated the same federal statutes and constitutional provisions.

   d. An injunction against any criminal prosecution of the Plaintiffs based on taps.

   e. Restraining order and Preliminary injunction enjoining all Defendants from ever harassing and interfering with all medical providers, and the diagnosis and treatment of the Plaintiffs in the Tampa, Florida and elsewhere.

   f. An order sealing the results of the taps.

   g. Compensatory Damages and Punitive Damages to be determined by the Court to redress violations of Plaintiffs' First, Fourth, and Fourteenth Amendment rights, plus attorney's fees and costs.

   h. Compensatory liquidated damages of $100 per day for violation of Plaintiffs' rights under 18 USCA 2520, plus attorney's fees and costs;

   i. Permanent injunction against the Defendants from performing all criminal acts in the future.

   j. A Restraining Order and Preliminary Injunction allowing Michael R. Atraqchi to operate on his lipoma without any interference with his choice of medical providers now and in the future.

   k. Incorporate all previous suits filed in this cause, to be judged in one forum

since 1984.

l. Any further relief which the Court may deem appropriate.

_____
Michael R Atraqchi, Pro se

_____
Irene S Atraqchi, Pro se

6902 West Hillsborough Avenue-103
Tampa, Florida 33634
(813) 886-7799-Ext 103

Dated: *April 20, 2022*

## CERTIFICATE OF SERVICE

We certify that on April 20th, 2022, we provided for this Motion For An Emergency Restraining Order and Preliminary Injunction and all Accompanying documents, The Memorandum of Points and Authorities, and Affidavit, as well as a copy of Plaintiffs' Complaint and all Exhibits, to be served on Defendants via priority mail with return receipt requested.

_____
Michael R Atraqchi

_____
Irene S Atraqchi