UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL R. ATRAQCHI, et al.,

    Plaintiffs,

v.                                                         CASE NO. 8:22-cv-935-SDM-AEP

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

**ORDER**

Appearing *pro se*, Michael R. Atraqchi and Irene S. Atraqchi move (Doc. 2) for a temporary restraining order and preliminary injunction against, among others, the United States of America, the State of Florida, and "all U.S. adult persons." The motion appears to claim that the defendants (that is, every adult in the United States) compose a "death cult," and the Atraqchis request an injunction "to pre-empt the field of interception of illegal wire communications . . . to allow [Michael Atraqchi] freely to exercise his right to operate and remove his lipoma by a Doctor of his own choice." (Doc. 2 at 2–3) The Atraqchis include similar assertions in at least two separate actions, in which the district court because of the complaint's frivolousness denied a motion by the Atraqchis to proceed *in forma pauperis* and dismissed the action. *See Atraqchi v. United States of America*, No. 8:21-cv-956-MSS-JSS (Doc. 7)

(M.D. Fla. Apr. 23, 2021); *Atraqchi v. United States of America*, No. 8:12-cv-209-JDW-AEP (Doc. 16) (M.D. Fla. Feb. 24, 2012).

The motion is indisputably deficient. For preliminary injunctive relief to issue, a movant must comply with Rule 65, Federal Rules of Civil Procedure, and Local Rule 6.02. The complaint alleges no fact demonstrating an entitlement to relief and satisfies no requirement for issuing a temporary restraining order. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (describing a movant's burden of persuasion for injunctive relief). Instead, the complaint "describe[es] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."). Rule 65(b)(1)(A) requires "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable harm, loss or injury will result[.]" Although Michael attaches an "affidavit" to the motion, the affidavit includes no declaration "under penalty of perjury that the foregoing is true and correct," as required by 28 U.S.C. § 1746. Also, the motion includes no certification of compliance with Local Rule 6.02, which requires notice to "each affected party" or a showing that "extraordinary circumstances" excuse notice. Procedurally defective and substantively meritless, the motion (Doc. 2) is **DENIED**.

    This is the third, generally similar, complaint that the Atraqchis filed in the Middle District of Florida, Tampa Division.[*] Each complaint is utterly frivolous. Although at least one attempt to amend a complaint is usually permitted, the frivolous and fantastical character of this complaint, viewed in the light of the two earlier complaints, demand that no further public resources are squandered reviewing papers from the Atraqchis alleging a nationwide "death cult," interference by "interception of illegal wire communications" with Michael Atraqchi's ability to remove his lipoma, and the like. The complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**. The clerk must close the case.

    ORDERED in Tampa, Florida, on May 4, 2022.

*signature*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The Atraqchis announce litigating "the matter of illegal wiretapping and electronical surveillances" in "approximately fifty-four" distinct actions. (Doc. 6 at 1) According to the Atraqchis, each action resulted in dismissal. (Doc. 6 at 1)